1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSE RAMIREZ TORRES,                          No.  2:14-cv-0842 MCE AC P

12                    Petitioner,

13          v.                                      ORDER AND FINDINGS &
                                                    RECOMMENDATIONS
14   J. PRICE,

15                    Respondent.

16

17          Petitioner, a state prisoner proceeding through counsel and in forma pauperis, has filed a

18   petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Pending before the

19   court is respondent's motion to dismiss on the grounds that petitioner is outside the one-year

20   statute of limitations.  ECF No. 16.  Petitioner has responded to the motion (ECF No. 20) and

21   respondent has replied (ECF No. 25).

22          I.      Factual and Procedural Background

23          A jury convicted petitioner of attempted first degree murder, corporal injury on a spouse,

24   and willful harm or injury to a child on March 25, 2004.  ECF No. 1 at 1-2; Lodged Doc. No. 1.

25   He was sentenced to an indeterminate state prison term of life with the possibility of parole for

26   the attempted murder conviction, plus an indeterminate term of twenty-five years to life for a

27   firearm enhancement related to the attempted murder conviction and an eight-year determinate

28   term for the conviction of willful injury to a child.  ECF No. 1 at 1-2; Lodged Doc. No. 1; Lodged

1

1    Doc. No. 2 at 18.

2         A.    Direct Review

3         Petitioner, with the assistance of counsel, appealed to the California Court of Appeal,

4    Third Appellate District.  ECF No. 1 at 2, 13.  The Court of Appeal affirmed judgment on June

5    March 2, 2006.  ECF No. 1 at 2; Lodged Doc. No. 2.

6         On April 3, 2006, again with assistance of counsel, petitioner petitioned for review of the

7    Court of Appeal's decision in the California Supreme Court.  Lodged Doc. No. 3; Lodged Doc.

8    No. 4.  The state Supreme Court denied the petition for review on May 10, 2006.  ECF No. 1 at 2;

9    Lodged Doc. No. 4.  Petitioner did not petition the United States Supreme Court for certiorari.

10   ECF No. 1 at 3.

11        B.    State Collateral Review

12        Petitioner did not file an application for state post-conviction or other collateral review in

13   state court.  ECF No. 1 at 3, 6; ECF No. 16 at 2.

14        C.    The Federal Actions

15             1.  Torres v. Unknown, 2:06-cv-2569 (Torres I)

16        On November 13, 2006,[1] petitioner submitted a letter, written in Spanish, to the United

17   States District Court in the Eastern District of California where it was docketed as a civil rights

18   complaint under 42 U.S.C. § 1983 and assigned case number 2:06-cv-2569 (Torres I).  Lodged

19   Doc. No. 9 at 1 [Torres I docket]; 4-6 [Torres I ECF No. 1].  In the letter, petitioner stated that he

20   had been found guilty of a crime that he did not commit because of his past, and that the state

21   court had denied his appeal and he had one year to file an appeal in federal court.  ECF No. 20-1

22   (certified translation[2]) at 5.  He also stated that he did not know any English and did not have any

23

---

24   [1]  In instances where petitioner was proceeding pro se, he is afforded the benefit of the prison
     mailbox rule.  See Houston v. Lack, 487 U.S. 266, 276 (1988).  Absent evidence to the contrary,
25   where no certificate of service is present, the court will assume the documents were submitted on
     the date they were signed by petitioner.  See Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th
26   Cir. 2003) (date petition is signed may be considered earliest possible date an inmate could
     submit his petition to prison authorities for filing under the mailbox rule).
27   [2]  See also ECF No. 20-5 (certification of interpreter).

28

2

1   money and that was why he needed an attorney.  Id. at 5-6.  On December 12, 2006, petitioner

2   was ordered to submit a request for leave to proceed in forma pauperis or to pay the filing fee.

3   Lodged Doc. No. 9 at 7 [Torres I ECF No. 3].

4          On December 18, 2006, petitioner submitted another letter to the court.  Id. at 8-10 [Torres

5   I ECF No. 4].  This letter was also in Spanish.  Id.  The letter reiterated that petitioner was in

6   prison for a crime he did not commit, that he did not understand English, that he needed an

7   attorney to help him with his case, and that he had only a year to appeal to the federal court.  ECF

8   No. 20-1 (certified translation[3]) at 10-11.  He also stated that he had received some papers from

9   the court, but did not know what they said, which was why he was writing to the court for help.

10  Id. at 11.

11         On January 18, 2007, petitioner submitted an application to proceed in forma pauperis.

12  Lodged Doc. No. 9 at 11-18 [Torres I ECF No. 5].  The form used by petitioner was in English

13  and was filled out in English.  Id.

14         On March 28, 2007, petitioner was ordered to submit a certified copy of his inmate trust

15  account statement.  Id. at 19-20 [Torres I ECF No. 6].  On May 7, 2007, the order was returned to

16  the court by the postal service as undeliverable and the order was re-served on petitioner on May

17  9, 2007.  Id. at 2 [Torres I docket].  The re-served order was not returned.  Id. at 2-3.  On May 24,

18  2007, the magistrate judge filed findings and recommendations in which it was recommended that

19  the case be dismissed for petitioner's failure to keep his address current.  Id. at 21-23 [Torres I

20  ECF No. 9].  Two additional orders related to reassignment of the case were also served and there

21  is no record of either being returned as undeliverable.  Id. at 2-3 [Torres I docket], 24-25 [Torres I

22  ECF Nos. 10-11].

23         On February 25, 2008, the district judge issued an order dismissing the case and judgment

24  was entered.  Id. at 26-28 [Torres I ECF Nos. 12, 13].  The court found that while it appeared that

25  petitioner's address had been corrected, dismissal was still appropriate because petitioner had

26  failed to comply with the March 28, 2007 order to file a certified trust account statement.  Id. at

27  ───────────────────────

28  [3]  See also ECF No. 20-5 (certification of interpreter).

1  26 [Torres I ECF No. 12 at 1].

2  ### 2. Torres v. Unknown, 2:07-cv-0193 (Torres II)

3  On January 29, 2007, during the pendency of Torres I, petitioner submitted another letter

4  written in Spanish to the court.  It was docketed as a new civil rights complaint under § 1983 and

5  given the case number 2:07-cv-0193 (Torres II).  Lodged Doc. No. 12 at 1 [Torres II docket]; 4-5

6  [Torres II ECF No. 1].  The letter stated that petitioner had been told by another inmate that he

7  needed to send the court copies of his case, but that he did not have any copies because they were

8  lost when he was transferred.  ECF No. 20-2 (certified translation[4]) at 4.  He stated that he did not

9  know how to obtain copies of the documents or if the court could assist him.  Id.  He also

10  provided the name and address of the attorney that handled his appeal.  Id.

11  On March 8, 2007, petitioner was ordered to submit an application for leave to proceed in

12  forma pauperis or pay the filing fee and the letter, construed as a complaint, was dismissed with

13  leave to amend.  Lodged Doc. No. 12 at 6-8 [Torres II ECF No. 3].  The magistrate judge also

14  advised petitioner that the court did not provide free translation services and encouraged him to

15  obtain assistance in translating documents and to submit future documents in English.  Id. at 6.  In

16  order to assist petitioner in understating the order, the order included an unofficial, rough Spanish

17  translation of its contents which was obtained from an internet translation service.  Id.

18  On May 14, 2007, petitioner filed a motion for enlargement of his time to file a habeas

19  petition.  Id. at 9-11 [Torres II ECF No. 4].  The motion was in English.  Id.  On May 25, 2007,

20  the court granted the motion and petitioner was given an additional thirty days to file an amended

21  pleading and either pay the appropriate filing fee or file a request to proceed in forma pauperis.

22  Id. at 12-13 [Torres II ECF No. 5].  The court noted that petitioner indicated that his intent was to

23  file a petition for writ of habeas corpus.  Id. at 12 fn.1 [Torres II ECF No. 5 at 1].

24  On August 15, 2007, the magistrate judge issued findings and recommendations in which

25  he recommended the case be dismissed because petitioner had failed comply with the court's

26  order that he file an amended pleading and resolve the fee status for the case.  Id. at 14-17 [Torres

27  

28  [4] See also ECF No. 20-5 (certification of interpreter).

4

1   II ECF No. 6].  The findings and recommendations included an unofficial, rough Spanish

2   translation of the contents which was obtained from an internet translation service.  Id.

3   On August 29, 2007, petitioner filed objections to the findings and recommendations.  Id.

4   at 18 [Torres II ECF No. 7].  The objections were in English and stated that petitioner required

5   additional time to file an amended complaint because he was illiterate in English, could barely

6   read or write Spanish, and had finally found another inmate to assist him in filing a "legally

7   sufficient first amended complaint."  Id.  The objections made no mention of whether petitioner

8   would pay the filing fee or request to proceed in forma pauperis.  Id.

9   On November 2, 2007, the magistrate judge vacated the August 15, 2007 findings and

10  recommendations and ordered petitioner to file a first amended complaint and either pay the filing

11  fee or file an application to proceed in forma pauperis within thirty days.  Id. at 19-20 [Torres II

12  ECF No. 8].  The Clerk of the Court was directed to send petitioner an application to proceed in

13  forma pauperis and a § 1983 complaint form.  Id. at 20.

14  On November 26, 2007, petitioner filed a motion for a stay and abeyance, again in

15  English, in which he requested that the case be stayed to allow him to exhaust his state court

16  remedies.  Id. at 21-31 [Torres II ECF No. 9].  Petitioner re-iterated his lack of English language

17  skills and asserted that he had limited access to the law library, had been unable to obtain his case

18  records without intervention by the California State Bar, and had "untreated mental health

19  issue(s)," but made no mention of whether he intended to pay the filing fee or request to proceed

20  in forma paupers.  Id.  Petitioner stated that he sought to exhaust the following claims in state

21  court: (1) perjury by a witness; (2) ineffective assistance of trial counsel based on failure to

22  investigate, find exculpatory witnesses, and present a defense; (3) ineffective assistance of

23  appellate counsel for failure to investigate and appeal meritorious claims and for delaying in

24  sending him copies of his records; and (4) prosecutorial misconduct.  Id. at 24 [Torres II ECF No.

25  9 at 4].  He also stated that he was preparing a petition and expected to present it within the next

26  sixty days if the court would issue an order granting him ten hours of law library access a week.

27  Id. at 28 [Torres II ECF No. 9 at 8].  It is unclear whether the petition was to be filed in state or

28  federal court.

On December 28, 2007, the magistrate judge filed findings and recommendations in which he recommended dismissing the case "without prejudice, for lack of prosecution and failure to comply with court rules and orders." Id. at 32-34 [Torres II ECF No.10]. The findings and recommendations noted that despite repeated extensions of time, petitioner had failed to comply with court orders that he file an amended complaint and resolve the fee status of the case. Id.

Petitioner filed objections, in English, to the findings and recommendations on January 21, 2008. Id. at 35-42 [Torres II ECF No.11]. Petitioner argued that because he was not an English speaking person, it was impossible for him to prosecute his claims "effectively and/or promptly comply with the court[']s orders and findings." Id. at 35 [Torres II ECF No. 11 at 1]. The objections appeared to renew the request for a stay, and stated that as much of the petition as had been completed was attached. Id. Petitioner identified the following issues for his habeas petition: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) the existence of a fundamental miscarriage of justice; and (4) actual innocence. Id. There was no mention of whether petitioner intended to pay the filing fee or submit a request to proceed in forma pauperis. Id.

On February 1, 2008, the district judge adopted the findings and recommendations and dismissed the case without prejudice for lack of prosecution and failure to comply with court rules. Id. at 43-44 [Torres II ECF No.12]. In dismissing the case, the court recognized that petitioner may have been attempting to assert claims pursuant to 28 U.S.C. § 2254. Id. at 43 fn.1 [Torres II ECF No. 12 at 1]. The court also found that despite repeated extensions, petitioner had failed to resolve the fee status of the case, had not filed a proper operative pleading, and that in light of the assistance he was receiving, his claim that the language barrier prevented him from complying rang hollow. Id. at 44 [Torres II ECF No. 12 at 2]. Judgment was entered on February 4, 2008. Id. at 45 [Torres II ECF No. 13].

On February 19, 2008, petitioner filed two identical notices of appeal.[5] Id. at 46-47

---

[5] It appears the second filed notice of appeal was originally sent to the Ninth Circuit Court of (continued)

1    [Torres II ECF Nos. 14, 17].  On March 19, 2008, the Ninth Circuit ordered petitioner to file a

2    motion to proceed in forma pauperis, pay the filing fee, or otherwise show cause why the appeal

3    should not be dismissed for failure to prosecute.  Lodged Doc. No. 13 at 5-6.  On April 4, 2008,

4    petitioner filed an informal opening brief.  Id. at 3.  On May 8, 2008, the Ninth Circuit dismissed

5    the appeal for failure to respond to the March 19, 2008 order.  Id. at 7.

6                    3.  Torres v. Spearman, 2:09-cv-0531 (Torres (III)

7            On February 24, 2009, the Clerk of the Court for the Eastern District of California filed a

8    petition for writ of habeas corpus and a motion for a stay and abeyance from petitioner, and

9    assigned the petition case number 2:09-cv-0531 (Torres III).[6]  Lodged Doc. No. 6 at 2 [Torres III

10   docket]; Lodged Doc. No. 5 [Torres III ECF No. 1]; Torres III ECF No. 2.[7]  The petition was

11   dated January 25, 2009 (Lodged Doc. No. 5 at 6 [Torres III ECF No. 1 at 6]), and the motion for

12   stay was dated January 15, 2009 (Torres III ECF No. 2 at 11).  The petition sought relief on the

13   grounds that (1) trial counsel provided ineffective assistance by failing to properly investigate an

14   alibi defense; (2) appellate counsel provided ineffective assistance by failing to make a claim for

15   ineffective assistance of trial counsel; (3) his alibi defense would have established his innocence;

16   and (4) he was denied due process as a result of the cumulative errors.  Lodged Doc. No. 5

17   [Torres III ECF No. 1].

18           On May 5, 2009, the court issued an order directing petitioner to pay the filing fee or

19   submit an application to proceed in forma pauperis.  Torres III ECF No. 7.  On May 24, 2009,

20   petitioner filed a notice of change of address stating that he had been transferred to a different

21   prison and requesting a new application for in forma pauperis status because he had not been able

22   to fill it out prior to his transfer.  Torres III ECF No. 8.  On June 9, 2009, the court directed the

23   Clerk of Court to provide petitioner another copy of the in forma pauperis application and granted

24   petitioner an additional thirty days to comply with the May 5, 2009 order.  Torres III ECF No. 9.

25

26   Appeal and forwarded to the district court.  Lodged Doc. No. 12 at 47 [Torres II ECF No. 17].
     [6]  All pro se documents filed in Torres III were in English.
27   [7]  "[A] court may take judicial notice of its own records in other cases."  U.S. v. Wilson, 631 F.2d
     118, 119 (9th Cir. 1980) (citing Fed. R. Evid. 201(b)(2)).
28

1    Petitioner filed a completed application for in forma pauperis status on June 15, 2009[8] (Torres III

2    ECF No. 10), which was granted on June 25, 2009 (Torres III ECF No. 11).

3         On June 29, 2009, the magistrate judge issued findings and recommendations in which he

4    recommended summary dismissal of the petition because it was untimely and denial of the

5    motion to stay as moot.  Torres III ECF No. 12.  Petitioner objected to the findings and

6    recommendations on July 11, 2009, on the grounds that he was entitled to equitable tolling based

7    on his lack of English comprehension and his diligent efforts to pursue his case.  Torres III ECF

8    No. 16.  The objections referenced both Torres I and Torres II.  Id.  The findings and

9    recommendations were adopted in full on September 21, 2009.  Torres III ECF No. 19.

10        After obtaining an extension of time, petitioner filed a notice of appeal on October 27,

11   2009 (Torres III ECF No. 25), and a motion for a certificate of appealability on November 3,

12   2009 (Torres III ECF No. 27).  Petitioner's appeal was ultimately granted on October 18, 2011,

13   and the case was remanded for further consideration of petitioner's equitable tolling argument.

14   Torres III ECF No. 35; Torres III ECF No. 39 fn.1.  Petitioner was also appointed counsel on

15   appeal and that representation continued on remand.  Torres III ECF No. 35.

16        On remand, proceedings resumed with an order for petitioner to show cause why his

17   petition should not be summarily dismissed as untimely.  Torres III ECF No. 39.  On March 27,

18   2012, petitioner responded to the order to show cause arguing that he was entitled to equitable

19   tolling on the same grounds argued in the instant case.  Torres III ECF No. 47.  The magistrate

20   judge found the equitable tolling issues to be "at best, murky," discharged the order to show

21   cause, and ordered respondent to respond to the petition.  Torres III ECF No. 49.

22        On November 26, 2012, respondent moved to dismiss the petition on the grounds that it

23   was untimely and none of the claims had been exhausted.  Torres III ECF No. 58.  On November

24   28, 2012, the case was transferred to the undersigned.  Torres III ECF No. 59.  Petitioner opposed

25   the motion to dismiss on the grounds that he was entitled to equitable tolling.  Torres III ECF No.

26

27   [8]  Petitioner filed another completed application on July 1, 2009, this time with a certified trust
     account statement attached.  Torres III ECF No. 13.

28

63.  Other than re-urging the previously filed motion for stay, petitioner made no argument regarding whether the claims in the petition had been exhausted.  Id. at 14.

On June 17, 2013, findings and recommendations were filed recommending that the petition be dismissed because none of the issues therein had been exhausted, and declining to reach the issue of equitable tolling.  Lodged Doc. No. 7 [Torres III ECF No. 70].  Petitioner filed objections to the findings and recommendations.  Torres III ECF No. 73.  The findings and recommendations were adopted in full on September 16, 2013, and judgment was entered on September 18, 2013.  Torres III ECF Nos. 74-75.

### 4.  Torres v. Price, 2:14-cv-0842 (Instant Case)

On April 2, 2014, petitioner filed a first amended habeas petition in Torres III.  Torres III ECF No. 76.  Because that case was closed and judgment entered, the amended petition was stricken and the instant case was opened.  Torres III ECF No. 77.  The new case was assigned case number 14-cv-0842.  The petition states that petitioner is entitled to relief because his due process rights were violated when four prior instances of domestic violence were admitted into evidence at trial.  ECF No. 1.

### II.      Motion to Dismiss

Respondent moves to dismiss the instant petition as untimely.  ECF No. 16.  Respondent argues that petitioner's judgment became final on August 8, 2006, and, absent tolling, the last day to file his federal habeas petition was August 8, 2007.  Id. at 2-3.  He asserts that petitioner is not eligible for statutory tolling because petitioner did not file any state post-conviction collateral actions challenging the judgment at issue.  Id. at 3.

### III.     Opposition

In response to respondent's motion, petitioner agrees that the one-year statute of limitations expired on August 8, 2007.  ECF No. 20 at 7. [9]  Petitioner argues that the court should

---

[9]  Later in his response petitioner identifies August 9, 2007, as the date the statute of limitations expired.  ECF No. 20 at 19.  This is likely a typo given the previous concurrence with respondent that August 8, 2007, was the expiration of the statute of limitations.  ECF No. 20 at 3.  Regardless, the one day difference does not change the statute of limitations analysis.

1   order his petition filed *nunc pro tunc* to November 13, 2006,[10] the date <u>Torres I</u> was initiated,

2   because the court mishandled his first two petitions by treating them as civil rights complaints and

3   erred by failing to rule on his motion to stay.  <u>Id.</u> at 6-7, 13-15.  He further argues that he is

4   entitled to equitable tolling because (1) he is uneducated; (2) he is Spanish-speaking and did not

5   have access to Spanish-language materials or a translator; (3) he was on lockdown for the

6   majority of the time; (4) when he was transferred from Pelican Bay his legal papers were lost and

7   he was not able to get copies from appellate counsel until the state bar intervened; and (5) he is

8   factually innocent.  <u>Id.</u> at 15-24.

9       IV.    <u>Reply</u>

10      Respondent replies that the petition should not be filed *nunc pro tunc* to November 13,

11  2006, because the <u>Torres I</u> and <u>Torres II</u> were properly dismissed and do not relieve petitioner of

12  his untimeliness.  ECF No. 25 at 7-13.  He also argues that petitioner is not entitled to equitable

13  tolling because he was not diligent in pursuing his rights and he has not established that he was

14  subject to extraordinary circumstances.  <u>Id.</u> at 14-24.

15      V.     <u>Discussion</u>

16      Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of

17  limitations for filing a habeas petition in federal court.  The one-year clock commences from one

18  of several alternative triggering dates.  <u>See</u> 28 U.S.C. § 2244(d)(1).  In this case the applicable

19  date is that "on which the judgment became final by the conclusion of direct review or the

20  expiration of the time for seeking such review."  § 2244(d)(1)(A).

21      The parties appear to disagree as to when the statute of limitations in this case began to

22  run, with respondent identifying August 9, 2006, as the beginning of the one-year period (ECF

23  No. 16 at 2-3) and petitioner identifying May 10, 2006, as the start date (ECF No. 20 at 19).  The

24  court finds that respondent has identified the correct date that the statute of limitations began to

25  run.  The California Supreme Court denied petitioner's petition on direct review on May 10,

26  _____

27  [10]  Petitioner actually requests the petition be filed nunc pro tunc to November 16, 2006 (ECF No.
    20 at 6), the date the letter in Torres I was filed by the Clerk of the Court, but under the prison
28  mailbox rule, the date of filing would be November 13, 2006.

2006.  ECF No. 1 at 2; Lodged Doc. No. 4.  From that date, petitioner had ninety days from the entry of judgment to petition the United States Supreme Court for certiorari. (Sup. Ct. R. 13(1)), Accordingly, the last day for petitioner to file a petition in the United States Supreme Court was August 8, 2006.  Since petitioner did not file a petition for certiorari with the United States Supreme Court, the statute of limitations began to run on August 9, 2006.  Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)) (the day order or judgment becomes final is excluded and time begins to run the day after the judgment becomes final).  Despite the disagreement on when the statute of limitations began to run, the parties agree that, absent any statutory or equitable tolling, the statute of limitations expired on August 8, 2007.  ECF No. 16 at 3; ECF No. 20 at 7.

The instant petition was filed on April 2, 2014.  ECF No. 1.  Without statutory or equitable tolling, the petition was filed over seven-and-one-half years after the statute of limitations expired.

A.    Statutory Tolling

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  It is uncontested that petitioner did not file an application for state post-conviction or other collateral review (ECF No. 1 at 3) and statutory tolling is therefore inapplicable in this case.

B.    Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).  "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier."  Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing

11

1   Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014).  An "extraordinary circumstance" has

2   been defined as an external force that is beyond the inmate's control.  Miles v. Prunty, 187 F.3d

3   1104, 1107 (9th Cir. 1999).  "The diligence required for equitable tolling purposes is 'reasonable

4   diligence,' not 'maximum feasible diligence.'"  Holland, 560 U.S. at 653 (internal citations and

5   additional quotation marks omitted); see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

6       A showing of actual innocence can also satisfy the requirements for equitable tolling.  Lee

7   v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 133 S. Ct. 1924,

8   1928 (2013).  "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more

9   likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt,

10  the petitioner may pass through the Schlup [v. Delo, 513 U.S. 298 (1995),][11] gateway and have

11  his constitutional claims heard on the merits."  Lee, 653 F.3d at 937; accord, McQuiggin, 133

12  S.Ct. at 1928.

13              1.    Court Error

14      Petitioner argues that the court should exercise its equitable powers and order the petition

15  in this case filed as of November 13, 2006, because errors by the court contributed to petitioner's

16  delay in filing the instant petition.  ECF No. 20 at 6-7.  According to petitioner, the court erred by

17  construing petitioner's November 13, 2006; December 18, 2006; and January 27, 2007 letters as

18  civil rights complaints under 42 U.S.C. § 1983 and by filing the January 27, 2007 letter as a

19  separate complaint.  Id. at 6-10.  Petitioner argues that had the court properly construed the letters

20  as a habeas petition and followed the Rules Governing Section 2254 Cases (Habeas Rules),

21  petitioner would have been notified of the deficiencies in his petition so that he could timely

22  correct them.  Id. at 14-15.

23      This argument fails for two very basic and independent reasons.  First, the letters could

24  not permissibly have been construed as habeas petitions for purposes of stopping the running of

25  the limitations period.  Even if the letters should have been construed as requests for assistance

26  _____

27  [11]  In Schlup, the Supreme Court announced that a showing of actual innocence could excuse a
    procedural default and permit a federal habeas court to reach the merits of otherwise barred
    claims for post-conviction relief.

28

1  related to an anticipated habeas petition, rather than requests related to a putative civil rights

2  complaint, they would not have stopped the clock.  None of the three letters stated claims for

3  habeas relief, or even clearly indicated what those claims might be.  The November 13, 2006

4  letter stated that petitioner had been wrongfully convicted because of his past.  ECF No. 20-1 at

5  3-6.  The December 18, 2006 letter provided some narrative background about petitioner's

6  relationship with his ex-wife.  Id. at 7-10.[12]  The January 27, 2007 letter did not refer to

7  petitioner's conviction or the facts of his case at all.  ECF No. 20-2 at 4.

8       The limitations period stops running only when an inmate presents an application to the

9  federal court for writ of habeas corpus.  See 28 U.S.C. § 2244(d)(1).  For purposes of the habeas

10  statute, an "application" means a petition seeking adjudication of the merits of claims.  Woodford

11  v. Garceau, 538 U.S. 202, 207 (2003) (discussing application of AEDPA generally); Smith v.

12  Mahoney, 611 F.3d 978, 994 (9th Cir.) (applying Garceau to statute of limitations context), cert.

13  denied, 562 U.S. 965 (2010).  Preliminary requests related to anticipated petitions, such as

14  motions for the appointment of counsel, do not constitute applications for habeas relief or

15  commence a habeas action.  Garceau, 538 U.S. 202.[13]  Because none of petitioner's letters, no

16  matter how liberally construed, identified a legal or factual basis for habeas relief, they could not

17  have been construed as petitions that would have stopped the running of the limitations period.

18  See Isley v. Arizona Dept. of Corrections, 383 F.3d 1054, 1055 (9th Cir. 2004) (noting that filing

19  of request for appointment of counsel in federal court did not stop the statute of limitations).

20  Moreover, the record does not support an inference that if the court had identified the letters as

21  attempts to pursue habeas relief, petitioner would have followed subsequent orders and filed a

22  proper petition within the limitations period.  This point brings us to the second reason that

23  petitioner's court error argument fails.

24       The court's preliminary construction of Torres I and II as civil rights complaints has no

---

26  [12]  It may be inferred that petitioner's altercations with his ex-wife were the basis of the domestic violence convictions that he claims in the instant petition were improperly admitted against him.

27  [13]  In capital cases, the rules operate somewhat differently.  That difference has no bearing on the instant case.

bearing on why those actions were dismissed.  After the November 13, 2006 letter was filed in Torres I, petitioner was ordered to pay the filing fee or request leave to proceed in forma pauperis.  Lodged Doc. No. 9 at 7 [Torres I ECF No. 3].  Although petitioner filed a request to proceed in forma pauperis (id. at 11-18 [Torres I ECF No. 5]), the trust account statement he provided only covered a four-month period and was not certified (id. at 18 [Torres I ECF No. 5 at 8]).  Petitioner was therefore ordered to provide the required certified statement.  Id. at 19-20 [Torres I No. 6].  The action was ultimately dismissed because petitioner failed to comply with the order to provide a certified trust account statement for the six months preceding the filing of the action.[14]  Id. at 26-27 [Torres I ECF No. 12].

In Torres II, after the January 1, 2007 letter was filed it was dismissed with leave to amend and petitioner was ordered to submit a request to proceed in forma pauperis or pay the filing fee.  Lodged Doc. No. 12 at 6-3 [Torres II ECF No. 3].  Despite several extensions of time, petitioner failed to file either an amended pleading or resolve the fee status in the case.  Id. at 12-17, 19-20, 32-34 [Torres II ECF Nos. 5-6, 8, 10].  Though petitioner addressed the filing of the amended petition, and even filed a partial petition, he never once addressed or complied with the court's order that he pay the filing fee or submit a request to proceed in forma pauperis.  Id. at 9-11, 18, 21-31, 35-42 [Torres II ECF Nos. 4, 7, 9, 11].  The case was dismissed for lack of prosecution and failure to comply with court rules and orders because petitioner failed to resolve the fee status of the case or submit an amended pleading.  Id. at 43-44 [Torres II ECF No. 12].

When a petitioner files a petition for writ of habeas corpus pursuant to § 2254, the petition must be accompanied by the applicable filing fee or a motion for leave to proceed in pauperis and a certificate showing the amount of money in the petitioner's institutional account.  Habeas Rule 3(a).  Therefore, regardless of whether petitioner was pursuing a civil rights complaint under § 1983 or a habeas petition under § 2254, he was required to pay the filing fee or submit a request

---

[14]  Although the magistrate judge originally recommended the case be dismissed because petitioner had failed to keep the court apprised of his current address (Lodged Doc. No. 9 at 21-23 [Torres I ECF No. 9]), in dismissing the action the district judge found that the problems with petitioner's address appeared to have been corrected, but that he had still not submitted the required trust account statement (id. at 26-27 [Torres I ECF No. 12]).

14

1  to proceed in forma pauperis.  Even if the letters had been properly construed as petitions for

2  habeas relief, it would not have been erroneous for the court to dismiss the petitions because

3  petitioner failed to (1) comply with the order to correct the deficiency in his in forma pauperis

4  application in Torres I, see Culler v. Bd. of Prison Terms, 405 F. App'x 263, 264 (9th Cir. 2010)

5  (affirming dismissal of § 2254 habeas petition for failure to pay filing fee or provide in forma

6  pauperis application in accordance with 28 U.S.C. § 1915(a)(2))[15]; and (2) pay the fee or submit

7  an application for in forma pauperis status in Torres II, see Scott v. LaMarque, 27 F. App'x 858,

8  859 (9th Cir. 2001) (affirming dismissal for petitioner's failure to comply with order to pay filing

9  fee or show cause why he could not pay).

10       "'The power to amend *nunc pro tunc* is a limited one, and may be used only where

11  necessary to correct a clear mistake and prevent injustice.'"  United States v. Sumner, 226 F.3d

12  1005, 1009-10 (9th Cir. 2000) (quoting Martin v. Henley, 452 F.2d 295, 299 (9th Cir. 1971)).  In

13  reviewing all the facts, the undersigned does not find that the Torres I and II courts were clearly

14  mistaken or that filing the instant petition *nunc pro tunc* is necessary to prevent injustice.

15       In Torres I, even if the court erred in construing the letter as a civil rights complaint rather

16  than a habeas petition, it appears that any misinterpretation was likely due to the language barrier

17  since the letter was submitted entirely in Spanish.  Moreover, petitioner failed to notify the court

18  of any misinterpretation even after he had obtained the assistance of another inmate who was able

19  to translate court orders for him and draft pleadings in English.  Torres I was not dismissed until

20  February 25, 2008 (Lodged Doc. No. 9 at 26-28 [Torres I ECF Nos. 12-13]), and petitioner

21  obtained the assistance of a bilingual inmate by at least May 14, 2007 (Lodged Doc. No. 12 at 9-

22  11 [Torres II ECF No. 4], if not earlier (see Lodged Doc. No. 9 at 11-18 [Torres I ECF No. 5]). [16]

23  Additionally, petitioner failed to keep the court apprised of his current address, though it appears

---

[15]  But see Naddi v. Hill, 106 F.3d 275, 277 (9th Cir. 1997) (PLRA amendment to § 1915
requiring prisoners to pay full filing fee even when granted in forma pauperis status does not
apply to habeas cases because they are not "civil action or appeal" as used in § 1915);
[16]  Petitioner's English-language filings indicate that assistance was largely provided by inmate
Miguel Diaz, but for the period of time petitioner was not at CSP-Solano, his documents reflect
that he had the assistance of at least one other inmate.

1    that the issue was resolved without any action by petitioner; he failed to comply with or otherwise

2    respond to the court's order that he submit a certified trust statement; he did not object to the

3    recommendation that the case be dismissed, even though the findings and recommendations were

4    issued after petition had obtained assistance from another inmate; and he did not appeal the

5    dismissal.  Id. at 1-3 [Torres I docket], 26 [Torres I ECF No. 12].

6         Given petitioner's general non-responsiveness in Torres I, even after obtaining assistance,

7    the court does not find that any errors that may have been made by the court or the dismissal of

8    the case were the result of clear mistake or that ordering the current petition filed *nunc pro tunc* to

9    November 13, 2006, is necessary to prevent injustice.

10        In Torres II, the letter that was filed as the initial pleading was entirely in Spanish and not

11   labeled with the case number from Torres I.  Lodged Doc. No. 12 at 4-5 [Torres II ECF No. 1].

12   Given the vague contents of the letter and the failure to identify the currently existing case (ECF

13   No. 20-2 at 4), filing the letter as a separate action was not clear error and would not have been

14   clear error even if the letter had been in English.  Additionally, during the course of Torres II,

15   petitioner failed to acknowledge, much less comply with, the court's multiple orders that he either

16   pay the filing fee or submit a request to proceed in forma pauperis (id. at 6-8, 12-13, 19-20

17   [Torres II ECF Nos. 3, 5, 8]) despite the provision of rough Spanish translations by the court (id.

18   at 6-8, 14-17 [Torres II ECF Nos. 3, 6]) and the assistance of a bilingual inmate for all but the

19   initial filing (id. at 9-11, 18, 21-31, 35-42, 46-47 [Torres II ECF Nos. 4, 7, 9, 11, 14, 17]).  He

20   also failed to file an amended petition, and any failure to construe the partial petition attached to

21   his objections as the submission of an amended petition was not clear error.  It was not clear

22   whether the partial petition was intended as evidence that petitioner was working on his claims

23   for exhaustion in state court, or that he was working on an amended petition for submission in

24   Torres II.  Id. at 35-42 [Torres II ECF No. 11].  This ambiguity was furthered by the fact that the

25   partial petition identified and briefed only claims that were unexhausted, as identified in

26   petitioner's motion for stay and abeyance.  Id. at 24 [Torres II ECF No. 9 at 4], 35-42 [Torres II

27   ECF No. 11].

28        Though petitioner filed a notice of appeal (id. at 46-47 [Torres II ECF Nos. 46-47]) and

16

1    filed an informal opening brief in the Ninth Circuit (Lodged Doc. No. 13 at 3), his appeal was

2    dismissed for failure to respond to an order directing him to file a motion to proceed in forma

3    pauperis, pay the appellate filing fee, or otherwise show cause why the appeal should not be

4    dismissed for lack of prosecution.  Id. at 5-7.

5           Finally, petitioner argues that the court erred by not ruling on the motion for stay and

6    abeyance filed in Torres II.  ECF No. 20 at 10-11.  Petitioner overlooks the dispositive fact that

7    there were not any claims, exhausted or unexhausted, before the court at that time.  Prior to

8    petitioner filing the motion for stay, the court had dismissed the initial pleading and given

9    petitioner leave to file an amended pleading.  Lodged Doc. No. 12 at 6-8 [Torres II ECF No. 3].

10   Moreover, the motion for stay and abeyance did not identify or make reference to any exhausted

11   claims that could be stayed and that petitioner intended to pursue.  See Jiminez v. Rice, 276 F.3d

12   478, 481 (9th Cir. 2001) (district court obligated to dismiss when petition contains no exhausted

13   claims); see also Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (stay under Rhines v.

14   Weber, 544 U.S. 269 (2005) not available where federal petition includes only unexhausted

15   claims, even where exhausted claims existed and could have been included, the court is not

16   required to inquire into petitioner's intentions).

17          In light of petitioner's failure to respond to or comply with court orders to resolve the fee

18   status of the case and the apparent abandonment of his appeal, the court does not find that

19   dismissal of Torres II was a clear mistake or that ordering the current petition filed *nunc pro tunc*

20   to November 13, 2006, is necessary to prevent injustice.

21          Even if Torres I and II were improperly dismissed, the court declines to file the petition

22   *nunc pro tunc* to November 13, 2006, because doing so is not necessary to prevent injustice.  The

23   appeal in Torres II was dismissed on May 8, 2008.  Lodged Doc. No. 13 at 7.  Petitioner did not

24   initiate Torres III until January 25, 2009 (Lodged Doc. No. 5 [Torres III ECF No. 1]), 262 days --

25   or approximately eight-and-a-half months -- later, and that petition contained only unexhausted

26   claims (Lodged Doc. No. 7 [Torres III ECF No. 70]).  After judgment was entered in Torres III

27   on September 18, 2013 (Lodged Doc. No. 8 [Torres III ECF No. 74]), petitioner did not file the

28   instant petition until April 2, 2014 (ECF No. 1), 196 days -- or approximately six-and-a-half

1    months -- later.  These are substantial gaps in petitioner's attempts to obtain habeas relief,

2    especially given that petitioner knew, from the first filings in <u>Torres I</u>, that he had only a year to

3    bring a habeas petition in federal court.  ECF No. 20-1 at 5, 11.  It is also notable that the first gap

4    occurred after petitioner obtained assistance from a bilingual inmate and the second after

5    petitioner had counsel.

6          Moreover, even if the court granted petitioner equitable tolling for the time <u>Torres I</u>, <u>II</u>,

7    and <u>III</u> were pending, the gaps between the close of <u>Torres II</u> and the filing of <u>Torres III</u> and

8    between the close of <u>Torres III</u> and the filing of the instant petition total 458 days.  That number

9    is further increased by inclusion of the 96 days between August 9, 2006 -- the day the statute of

10   limitations began to run -- and November 13, 2006, the day petitioner filed the initial document in

11   <u>Torres I</u>.  These gaps, in total, significantly exceed one year.

12         Because the court does not find that filing the instant petition *nunc pro tunc* to November

13   13, 2006, is necessary to correct a clear error by the court or to prevent injustice, it recommends

14   that the request to do so be denied.

15                           2.     <u>Diligence</u>

16         "To determine if a petitioner has been diligent in pursuing his petition, courts consider the

17   petitioner's overall level of care and caution in light of his or her particular circumstances."  <u>Doe</u>

18   <u>v. Busby</u>, 661 F.3d 1001, 1012 (9th Cir. 2011).  In light of the circumstances, petitioner fails to

19   show that he diligently pursued his petition.  As discussed above in Section V.B.1., petitioner

20   failed to comply with, or even acknowledge, orders in <u>Torres I</u> and <u>II</u> related to resolving the fee

21   status in those cases.  Reasonable diligence would include complying with, or at least responding

22   to, court orders.  <u>See</u> <u>Bills v. Clark</u>, 628 F.3d at 1100-01 (factors to consider when evaluating

23   whether petitioner with mental impairment was diligent include whether impairment made it

24   impossible to timely file on his own and whether circumstances demonstrate petitioner was

25   otherwise diligent in attempting to comply with filing requirements).  Though petitioner asserts

26   that he was uneducated, illiterate in English, had no access to Spanish-language law materials or

27   bilingual assistance, was on lockdown, and had no access to his legal documents, these claims do

28   little to support a finding of diligence with regard to petitioner's failure to comply with the orders

1    to pay the filing fee or submit a request to proceed in forma pauperis, which led to dismissal of

2    Torres I and II.

3          Petitioner's argument that he was on lockdown for the majority of the time and therefore

4    unable to obtain assistance (ECF No. 20 at 21-22), is unavailing.  First, petitioner's claim that he

5    was on lockdown for the first seven months of the statute of limitations (ECF No. 20 at 20) is

6    inaccurate. Petitioner claims to have been on lockdown only while at Pelican Bay State Prison

7    and that he was transferred from Pelican Bay on December 14, 2006.  Id.  The statute of

8    limitation did not begin to run until August 9, 2006, so at a maximum, based on petitioner's

9    allegations, he was on lockdown for just over four months.  Assuming that petitioner was on

10   lockdown for those four months,[17] it would have had no bearing on his ability to comply with the

11   pertinent court orders because the first order to plaintiff regarding the fee status of the case did

12   not issue until December 12, 2006.

13         Petitioner's claims that he did not have access to Spanish-language legal materials is

14   similarly unpersuasive with respect to the court orders regarding the fee status of Torres I and II.

15   Submitting a fee payment or completing a form application to proceed in forma pauperis does not

16   require legal research.  The same applies to petitioner's claim that his legal paperwork was lost

17   when he was transferred from Pelican Bay.  Those records would have had no impact on

18   petitioner's ability to comply with the court's orders related to paying the filing fee or seeking in

19   forma pauperis status.

20         The record also shows that petitioner's claims that he was uneducated and illiterate in

21   English would not have inhibited him from complying with the relevant orders.  On December

22   12, 2006, the court in Torres I ordered petitioner to pay the filing fee or submit an application to

23

24   _____
     [17]  Respondent argues that the lockdown was lifted and normal programming resumed on October
25   6, 2006 (ECF No. 25 at 21), and provides documentation of the lockdown (Lodged Doc. No. 17).
     He also argues that that the next lockdown did not occur until December 30, 2006 (ECF No. 25 at
26   21), and provides a memorandum regarding its implementation (Lodged Doc. No. 17 at 1), but
     the memorandum makes no mention of when the last lockdown ended and petitioner provides no
27   other evidence, such as a declaration, showing that there were no lockdowns between October 6,
     2006, and December 30, 2006.
28

1   proceed in forma pauperis.  Lodged Doc. No. 9 at 7 [Torres I ECF No. 3].  On January 18, 2007,

2   petitioner managed to submit a completed application to proceed in forma pauperis.  Id. at 11-18

3   [Torres I ECF No. 5].  The form was in English, and what little of the form that required a written

4   response was completed in English.  Id.

5        The order directing petitioner to submit a certified copy of his trust account was filed

6   March 28, 2007, and re-served on May 9, 2007.  Id. at 2 [Torres I docket].  Petitioner has never

7   specified when he first obtained the assistance of a bilingual inmate in pursing his habeas

8   litigation, but it was at least as early as May 14, 2007 (Lodged Doc. No. 12 at 9-11 [Torres II

9   ECF No. 4]), shortly after the March 28, 2007 order was re-served.[18]  This also means that

10  petitioner would have had assistance in understanding and responding to the May 24, 2007

11  findings and recommendations that recommended dismissing Torres I for failure to keep the court

12  apprised of his current address.  Lodged Doc. No. 9 at 21-23 [Torres I ECF No. 9].  However,

13  petitioner failed to file anything further in Torres I and the case was dismissed on February 25,

14  2008.  Id. at 26-27 [Torres I ECF No. 12].  With respect to Torres II, the record shows that, with

15  the possible exception of the first order directing petitioner to pay the filing fee or submit an

16  application to proceed in forma pauperis (which included a rough Spanish translation), petitioner

17  had assistance in translating court orders and filing documents with the court (Lodged Doc. No.

18  12 at 1-3 [Torres II docket]) and petitioner had already demonstrated his ability to complete a

19  request to proceed in forma pauperis (Lodged Doc. No. 9 at 11-18 [Torres I ECF No. 5]).

20       In light of the relatively simple directives related to resolving the fee status in Torres I and

21  II, the court cannot find that petitioner was reasonably diligent.  He ignored multiple orders to pay

22  the filing fee or complete a request to proceed in forma pauperis, despite warnings that failure to

23  comply could result in dismissal of the case.  This conduct is inconsistent with diligence.

24       Even if the court were to find equitable tolling appropriate for the time Torres I and II

25  were pending, petitioner offers no explanation for why he did not bring a petition containing his

26  exhausted claim until April 2, 2014, despite having known in November 2006 that he had only a

27  _____

28  [18]  All petitioner's filings from May 14, 2007 onward were submitted in English.

20

1    year from the conclusion of appeal to bring a federal petition (ECF No. 20-1 at 5, 11), and

2    knowing that he could only pursue exhausted claims in federal court (Lodged Doc. No. 12 at 21-

3    31 [Torres II ECF No. 9]; Torres III ECF No. 2).  While the letters in Torres I referenced

4    petitioner's past (ECF No. 20-1 at 5, 10), the petition that was ultimately filed in Torres III

5    (Lodged Doc. No. 5 [Torres III ECF No. 1]) – like the partial petition submitted in Torres II

6    (Lodged Doc. No. 12 at 35-42 [Torres II ECF No. 11] – contained only unexhausted claims and

7    made no reference to the allegedly inappropriate admission of petitioner's past domestic violence

8    incidents, which is the sole claim presented in the instant petition.

9         Torres II terminated on May 8, 2008, when the Ninth Circuit dismissed petitioner's

10   appeal.  Petitioner offers no explanation for his apparent abandonment of the prior bad acts claim

11   during the nearly five years and eleven months that elapsed between May 8, 2008, and the filing

12   of the instant petition.  It should be noted that the last of petitioner's alleged extraordinary

13   circumstances came to an end no later than November 26, 2007.  See infra. Section V.B.3.  Under

14   these circumstances, petitioner cannot be said to have been diligent in pursuing the claim

15   currently before the court.  Pace, 544 U.S. at 419 (petitioner not diligent when he waited years to

16   file state petition for post-conviction relief and another five months to pursue federal relief after

17   state petition was decided); McQuiggin, 133 S. Ct. at 1931 (petitioner did not qualify for

18   equitable tolling after waiting nearly six years to seek federal post-conviction relief).

19        Moreover, even if the court granted petitioner equitable tolling for the time Torres I, II,

20   and III were pending, he fails to offer any explanation for the respective 262 and 196 day periods

21   of inactivity between the close of Torres II and opening of Torres III and the close of Torres III

22   and the filing of the instant case, totaling 458 days.[19]  These unexplained gaps are inconsistent

23   with diligence, especially for an individual who knew in 2006 that he had only a year to file a

24   federal habeas petition.  Although petitioner has alleged extraordinary circumstances, he was no

25   longer on lockdown and had obtained the assistance of a bilingual inmate well before the close of

26   _____

27   [19]  That number grows if one includes the 96 days between August 9, 2006, the day the statute of
     limitations began to run, and November 13, 2006, the day petitioner filed the initial document in

28   Torres I.

1    <u>Torres II</u> and the first unexplained period of inactivity.  With respect to the alleged loss of his

2    legal papers, while petitioner fails provide the date he actually received his records, his filings in

3    <u>Torres II</u> indicate that he was in possession of his records no later than November 26, 2007, again

4    prior to the close of <u>Torres II</u>.  Lodged Doc. No. 12 at 21 [<u>Torres II</u> ECF No. 9 at 1].

5            At that point petitioner could have simply filed a habeas petition in the California

6    Supreme Court, containing the claim now being pursued in the instant petition.  Instead, petitioner

7    waited 262 days from the close of <u>Torres II</u> to submit a federal habeas petition containing only

8    unexhausted claims, despite his demonstrated understanding that he needed to exhaust his state

9    court remedies prior to bringing his claims in federal court.  <u>Id.</u> at 21-31 [<u>Torres II</u> ECF No. 9];

10   <u>Torres III</u> ECF No. 2.  Moreover, petitioner makes no representation that he ever attempted to file

11   a California Supreme Court petition containing the various unexhausted claims listed in his

12   motions for stay and abeyance and in the petition in <u>Torres III</u>.[20]  Petitioner did not need a stay of

13   his federal case, or leave of this court, to file an exhaustion petition in state court either prior to or

14   simultaneously with his federal petition.

15           The substantial unexplained gaps in petitioner's attempts to obtain habeas relief are

16   inconsistent with diligence, especially in light of petitioner's knowledge of the federal statute of

17   limitations.  ECF No. 20-1 at 5, 11.  In combination, these gaps significantly exceed one year,

18   defeating any benefit petitioner might gain from equitable tolling of the time he was pursuing

19   <u>Torres I</u>, <u>II</u>, and <u>III</u>.  In light of the foregoing, the court cannot find that petitioner was diligent in

20   pursuing habeas relief.  <u>Sanchez v. Yates</u>, 503 F. App'x 520, 523 (9th Cir. 2013) (petitioner did

21   not demonstrate diligence when he waited until ten months after impediment was removed to file

22   federal habeas petition).

23           For the reasons set forth above, the court finds that petitioner has not been diligent in

24   pursuing his habeas litigation and is therefore not entitled to equitable tolling.

25                            3.  <u>Extraordinary Circumstances</u>

26           Petitioner that he was subject to extraordinary circumstances because (1) he has no formal

27   _____

28   [20]  Review of that court's online docketing system indicates that he did not and has not.

education; (2) he had no access to Spanish-language legal materials or Spanish-language legal assistance; (3) he was on lockdown a majority of the time he was at Pelican Bay State Prison; and (4) he had no access to his legal papers.  Although the court has already found that petitioner was not diligent in pursuing habeas litigation, which defeats equitable tolling, the court further finds that the alleged extraordinary circumstances cannot render the petition timely.  ECF No. 20 at 12-20.

While petitioner offers little in the way of specific facts to establish that the alleged conditions constituted extraordinary circumstances, for purposes of this analysis the court will assume without deciding that the alleged conditions, when they existed without mitigation, constituted extraordinary circumstances.  However, even if that were the case, equitable tolling would not save the current petition from untimeliness because the record shows that nearly all of the alleged obstacles ceased to rise to the level of extraordinary circumstances as of May 14, 2007, when petitioner secured the assistance of a bilingual inmate in pursuing his habeas action.  The final extraordinary circumstance, lack of access to his legal papers, ceased to be an issue no later than November 26, 2007.

As previously noted, petitioner claims that he was on lockdown only while he was incarcerated at Pelican Bay State Prison and that he was transferred from Pelican Bay on December 14, 2006.  Id. at 21-22.  Therefore, assuming that petitioner's lockdown status constituted an extraordinary circumstance, he would be entitled to tolling on that ground only up to December 14, 2006, which is over seven years and three months prior to the filing of the petition in this case.

Next, even if petitioner is uneducated and non-English speaking, both his lack of education and the lack of Spanish-language legal materials or translation assistance ceased to rise to the level of an extraordinary circumstance at least as early as May 14, 2007.  On May 14, 2007, petitioner filed a motion for extension of time with the assistance of a bilingual inmate (Lodged Doc. No. 12 at 9-11 [Torres II ECF No. 4]) and petitioner states that he obtained assistance preparing his pleadings in May 2007 (ECF No. 20 at 21).  Moreover, the dockets in Torres I and II indicate that after May 2007 petitioner consistently had assistance pursuing his habeas

1    litigation, and he does not claim otherwise.[21]  In <u>Mendoza v. Carey</u>, on which petitioner relies

2    heavily, the Ninth Circuit held that "a petitioner who demonstrates proficiency in English or who

3    has the assistance of a translator would be barred from equitable relief."  449 F.3d 1065, 1070

4    (9th Cir. 2006) (citing <u>Cobas v. Burgess</u>, 306 F.3d 441, 444 (6th Cir. 2002)).  By his own

5    admission, beginning May 14, 2007, petitioner had both translation assistance and assistance in

6    preparing documents for court, bringing to an end any extraordinary circumstances that may have

7    existed as a result of his lack of education and inability to understand English.  <u>Id.</u>; <u>Rasberry</u>, 448

8    F.3d at 1154 ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary

9    circumstance warranting equitable tolling"); <u>Martinez v. Ryan</u>, 133 F. App'x 382, 383 (9th Cir.

10   2005) (limited education, reliance on other prisoners to file petition, and lack of access to legal

11   materials and assistance due to custody status do not constitute extraordinary circumstances); <u>see</u>

12   <u>also</u> <u>Hughes v. Idaho State Bd. of Corr.</u>, 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's

13   illiteracy and lack of knowledge of the law unfortunate but insufficient to establish cause).

14   Therefore, even if entitled to equitable tolling on these grounds, petitioner waited over six years

15   and ten months to file the petition in this case and equitable tolling would not make the petition

16   timely.

17        Finally, petitioner claims that he was without his legal papers when they were lost during

18   his transfer from Pelican Bay State Prison, and that it took intervention by the California State

19   Bar to obtain them from appellate counsel.  ECF No. 20 at 22.  Though petitioner does not specify

20   when he finally received his records, his motion for a stay in <u>Torres II</u> indicates that he had his

21   complete file at the time he filed the motion, meaning he had his records no later than November

22   26, 2007.  Lodged Doc. No. 12 at 21-31 [<u>Torres II</u> ECF No. 9].  Even if the statute of limitations

23   was tolled up to November 26, 2007, it was still another six years and four months until petitioner

24   filed the instant petition.

25        For all these reasons, even if petitioner was entitled to equitable tolling for his alleged

26   extraordinary circumstances, it would not make his petition timely and respondent's motion to

27

28

---

[21]  All filings from May 2007 onward were in English.

24

1  dismiss should be granted.

2              4. Actual Innocence

3       In order to warrant equitable tolling, a petitioner claiming actual innocence must satisfy

4  the Schlup standard by demonstrating "'that it is more likely than not that no reasonable juror

5  would have convicted him in the light of the new evidence.'" Lee, 653 at 938 (quoting Schlup,

6  513 U.S. at 327).  Actual innocence in the miscarriage of justice context "means factual

7  innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623-24 (1998);

8  Sawyer v. Whitley, 505 U.S. 333, 339 (1992) (citing Smith v. Murray, 477 U.S. 527 (1986));

9  Jaramillo v. Stewart, 340 F.3d 877, 882-83 (9th Cir. 2003) (accord).

10      While the standard is exacting, permitting review only in an "extraordinary" case,

11 "absolute certainty" as to a petitioner's guilt or innocence is not required.  House v. Bell, 547

12 U.S. 518, 538 (2006).  To make a credible claim of actual innocence, petitioner must produce

13 "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness

14 accounts, or critical physical evidence—that was not presented at trial."  Schlup, 513 U.S. at 324.

15 The habeas court then considers all the evidence: old and new, incriminating and exculpatory,

16 admissible at trial or not.  House, 547 U.S. at 538.  On this complete record, the court makes a

17 "'probabilistic determination about what reasonable, properly instructed jurors would do.'"  Id.

18 (quoting Schlup, 513 U.S. at 329).

19      Petitioners asserting convincing actual innocence claims need not also prove diligence in

20 order "to cross a federal court's threshold."  McQuiggin, 133 S. Ct. at 1935.  An "unjustifiable

21 delay on a habeas petitioner's part" does not constitute "an absolute barrier to relief."  Id. at 1928.

22 However, timing is a factor that the court should consider "in determining whether actual

23 innocence has been reliably shown."  Id.  "Unexplained delay in presenting new evidence bears

24 on the determination whether the petitioner has made the requisite showing."  Id. at 1935.

25      The entirety of petitioner's actual innocence claim is as follows:

26          Mr. Torres has alleged he is factually innocent of the crimes
            charged.  One of his claims is that trial counsel was ineffective for
27          failing to investigate the case and failing to present a defense.  The
            harsh remedy of dismissal would result in a miscarriage of justice.

28

1

2

> Mr. Torres should be allowed to litigate this issue, he should be allowed to investigate this claim and fully present this claim to the court.

3   ECF No. 20 at 24.  As respondent correctly points out, petitioner has not provided any new

4   evidence in support of his actual innocence claim, nor does he identify what new evidence he may

5   have or even claim that he has new evidence.  ECF No. 25 at 27.  Moreover, petitioner's request

6   to be allowed to investigate the claim indicates that petitioner does not in fact have new evidence

7   to present and that the existence of any new evidence is purely speculative.  Petitioner also has

8   not presented a claim for ineffective assistance of counsel based on a failure to investigate and

9   present a defense as he argues.  ECF No. 1.  The only ground for relief in the instant petition

10   relates to the alleged improper admission of four previous instances of domestic violence.  Id.

11        Petitioner has neither provided new evidence for the court to consider nor hinted at the

12   existence of new evidence on the matter.  Absent new evidence, there are no grounds for the court

13   to determine that reasonable jurors would find other than they already have.  Schlup, 513 U.S. at

14   327 (without new evidence of innocence, actual innocence exception does not apply).  Petitioner

15   is therefore not entitled to equitable tolling on the ground that he is actually innocent.

16        VI.   Request for Evidentiary Hearing

17        A habeas petitioner's motion for an evidentiary hearing should be granted when he makes

18   "a good-faith allegation that would, if true, entitle him to equitable tolling."  Laws v. Lamarque,

19   351 F.3d 919, 921 (9th Cir. 2003).  However, if the petitioner's claim can be resolved on the

20   existing record, a federal evidentiary hearing is unnecessary.  Totten v. Merkle, 137 F.3d 1172,

21   1176 (9th Cir. 1998).  Moreover, conclusory allegations, that are unsupported by specific facts, do

22   not warrant an evidentiary hearing.  Williams v. Woodford, 384 F.3d 567, 589 (9th Cir. 2002)

23   (citing Phillips v. Woodford, 267 F.3d 966, 973 (9th Cir. 2001); Coleman v. McCormick, 874

24   F.2d 1280, 1284-85 (9th Cir. 1989).  "[A] petitioner's statement, even if sworn, need not convince

25   a court that equitable tolling is justified should countervailing evidence be introduced."  Laws,

26   351 F.3d at 924.  "District courts have limited resources (especially time), and to require them to

27   conduct further evidentiary hearings when there is already sufficient evidence in the record to

28

1   make the relevant determination is needlessly wasteful."  Roberts v. Marshall, 627 F.3d 768, 773

2   (9th Cir. 2010).

3       As set forth above in Section V.B.2, even if extraordinary circumstances did exist,

4   petitioner was not diligent in pursuing his habeas litigation.  Moreover, taking petitioner's

5   allegations as true, even if he were granted equitable tolling for the periods of time he was subject

6   to the allegedly extraordinary circumstances, it would not make the instant petition timely.  For

7   these reasons, petitioner's request for an evidentiary hearing is denied.

8       VII.   Conclusion

9       For the reasons set forth above, respondent's motion to dismiss should be granted because

10   the petition is untimely and petitioner is not entitled to equitable tolling.  Petitioner's request for

11   an evidentiary hearing will be denied.

12       VIII.   Certificate of Appealability

13       Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must

14   issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A

15   certificate of appealability may issue only "if the applicant has made a substantial showing of the

16   denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons set forth in these

17   findings and recommendations, a substantial showing of the denial of a constitutional right has

18   not been made in this case.  Therefore, no certificate of appealability should issue.

19       Accordingly, IT IS HEREBY ORDERED that petitioner's request for an evidentiary

20   hearing (ECF No. 20) is denied.

21       IT IS FURTHER RECOMMENDED that:

22       1.  Respondent's motion to dismiss (ECF No. 16) be granted and petitioner's application

23   for a writ of habeas corpus be denied as untimely.

24       2.  This court decline to issue the certificate of appealability referenced in 28 U.S.C. §

25   2253.

26       These findings and recommendations are submitted to the United States District Judge

27   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **ten (10)** days

28   after being served with these findings and recommendations, any party may file written

objections with the court, which shall be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Due to exigencies in the court's calendar, no extensions of time will be granted.**  A copy of any objections filed with the court shall also be served on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 17, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE